```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 4:07 CR 368 CDP
                                )                    DDN
RICKEY BATES,                   )
                                )
          Defendant.            )
```

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  An evidentiary hearing was held on August 15, 2007.

Defendant Rickey Bates has moved to suppress evidence (oral motion Doc. 11), and to suppress evidence and statements (Doc. 21); and the government has moved for a determination of the admissibility of arguably suppressible evidence (oral motion Doc. 12).  From the evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

### FACTS

1.  On 12:30 a.m. on December 8, 2006, Metropolitan Police Detective Drew Werninger and his partner Det. Brian Davenport were on patrol in an unmarked car in an area of St. Louis looking for stolen vehicles.  They were familiar with the vehicles on the police daily-updated "hot sheet" and saw a blue Pacifica sport utility vehicle with a license plate number of a car reported stolen.  A computer check reported that the vehicle had been stolen in the St. Louis suburban city of Hazelwood.  Det. Davenport called for assistance from other officers.  The police followed the Pacifica as it drove onto the 1400 block of Semple.  Other officers drove up behind the Pacifica and turned on their emergency lights.  The Pacifica then fled the scene.  Dets. Werninger

and Davenport set out spikes to stop the Pacifica, which continued for two and a half blocks with flat tires.

    2.    When the Pacifica finally stopped because it struck a light pole, the driver and the sole passenger, later identified as Rickey Bates, jumped out of the vehicle and ran. Dets. Werninger and Davenport, wearing police raid jackets and carrying their badges, alighted from their vehicle and called to the fleeing occupants of the Pacifica to stop and telling them they were under arrest. The occupants continued to run.

    3.    Det. Werninger chased passenger Bates to the area of 6715 Belt, about one-half block away, where he tackled him to the ground. On the ground Bates continued to struggle with the officer, trying to push him away and to reach for his own waistband. Finally, Werninger was able to secure Bates with handcuffs. After he did so, Werninger searched Bates and found a loaded .22 caliber pistol inside a holster in Bates's waistband. The officer took the pistol out of the holster and cleared it of ammunition. At that time Det. Werninger told Bates he was under arrest for having the firearm.

    4.    Next, Det. Werninger orally advised Bates of his constitutional rights to remain silent and to counsel.

    5.    At the police car, Bates was searched again and several chunks of what the police believed was crack cocaine were found on him.

    6.    Later, Det. Werninger asked Bates whether he would make a statement and Bates answered in the negative.

## DISCUSSION

The motions to suppress evidence should be denied. The Fourth Amendment was not violated by the police attempting to stop the blue Pacifica to investigate it being on the list of stolen vehicles. <u>Terry v. Ohio</u>, 392 U.S. 1, 21-22 (1968). Flight from the police gave rise to a reasonable suspicion that the occupants of the Pacifica were engaged in criminal activity, especially involvement with the theft of the vehicle. <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124-25 (2000). Defendant was not seized for Fourth Amendment purposes until he was finally

restrained, after the struggle on the ground. California v. Hodari D., 499 U.S. 621, 629 (1991). By the time he was seized, the police had probable cause to arrest him for his involvement with a stolen vehicle and for fighting with the officer. Probable cause to arrest without a warrant exists when the police have information sufficient to cause a reasonable person to believe that the defendant had committed an offense or was then committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Velazquez-Rivera, 366 F.3d 661, 664 (8th Cir. 2004). Therefore, the police lawfully arrested defendant Bates without a warrant.

Having lawfully arrested Bates, the officers were authorized under the Fourth Amendment to search him incident to his lawful arrest. New York v. Belton, 453 U.S. 454, 461 (1981); United States v. Jones, 479 F.3d 975, 978 (8th Cir. 2007). The firearm and the crack cocaine were lawfully seized.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of the government for a determination of arguably suppressible evidence (oral motion Doc. 12) is denied as moot.

**IT IS HEREBY RECOMMENDED** that the motion of defendant to suppress evidence (oral motion Doc. 11), and the motion of defendant to suppress evidence and statements (Doc. 21) be denied.

The parties are advised they have ten days to file written objections to this Order and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

## ORDER SETTING TRIAL DATE

As directed by the District Judge, this matter is set for a jury trial on the docket commencing Tuesday, October 9, 2007, at 9:00 a.m.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 22, 2007.